UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON D. PETROSKI,

    Petitioner,

v.                                       Case No. 17-cv-1269-pp

GARY BOUGHTON,

    Respondent.

---

**ORDER SUSTAINING IN PART PETITIONER'S OBJECTIONS (DKT. NO. 8), ADOPTING IN PART JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 6), DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On September 21, 2017, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his July 18, 2003 judgment of conviction in Green Lake County Circuit Court for three counts of burglary. Dkt. No. 1; see also State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov). Three weeks later, Magistrate Judge William E. Duffin screened the petition under Rule 4 and recommended that this court dismiss it. Dkt. No. 6. The petitioner timely filed a letter that the court construes as his objection to the report and recommendation. Dkt. No. 8. The court will dismiss the petition.

**I.    Background**

    A.    <u>State Court Conviction and Sentencing</u>

In November 2002, the State of Wisconsin brought thirteen criminal charges against the petitioner, including theft, burglary and criminal damage

1

to property. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov). The petition asserts that the petitioner eventually pled no contest to three counts of violating Wis. Stat. §943.10(1)(a)—in other words, burglary.[1] Dkt. No. 1 at 2. The trial court sentenced the petitioner to three years of imprisonment and five years of extended supervision for each of the first two burglary counts, to run concurrently. Id. For the third count, the court withheld sentence and imposed an eight-year probation term, consecutive to any other sentences. Id. The clerk entered judgment of conviction on July 18, 2003. Id.

    B.    Direct Appeal

In December 2003, the petitioner filed a notice of appeal. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov). The petitioner's counsel then filed a no-merit report. Dkt. No. 2-1 at 2. The appellate court served the petitioner with a copy of the report and advised him of his right to respond; he did not do so. Dkt. No. 2-1 at 2.

The Wisconsin Court of Appeals conducted an independent review of the no-merit report and the record. Id. It observed that the no-merit report had identified three potential bases for appeal: (1) whether the petitioner had any grounds for withdrawing the guilty pleas; (2) whether the trial court properly exercised its discretion in imposing the sentences; and (3) whether the

---

[1] The public docket, however, reflects that the petitioner pled guilty to two of the counts and pled no contest to the third. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov).

petitioner had any basis to move for sentence modification. Id. at 3. The appellate court "independently reviewed the record and conclude[d] that counsel [] correctly analyzed these issues and determined that they lack[ed] arguable merit." Id.

Regarding the adequacy of the petitioner's guilty pleas, the court reviewed the petitioner's plea questionnaire, waiver of rights form and plea colloquy. Id. at 3-4. It found that he entered his pleas knowingly, voluntarily and intelligently and that the trial court had an adequate factual basis for accepting the pleas. Id. Regarding the trial court's exercise of discretion in imposing sentence, the court of appeals found that the trial court "adequately discussed the facts and factors relevant to sentencing [the petitioner], and properly exercised its discretion." Id. at 5. It found that "no basis exist[ed] to disturb the sentences imposed by the trial court." Id. at 6. Finally, regarding sentence modification, "[b]ased on counsel's representation that no new factors ha[d] been identified in [the petitioner's] case," the court concluded that "no arguable basis exist[ed] for [the] court to conclude that sentence modification [was] warranted." Id. Because the record disclosed no other arguably meritorious issues for review, the appellate court summarily affirmed the petitioner's conviction. Id.

The petitioner did not seek review in the Wisconsin Supreme Court.

C.     Petitioner's 2016 Postconviction Motion

The petition avers that on July 11, 2016, the petitioner filed a Wis. Stat. §974.06 postconviction motion. Dkt. No. 1 at 2. (The public docket indicates

3

that the court received "Letters/Correspondence" from the petitioner on July 11, 2016; it shows that Green Lake County Circuit Court Judge Mark T. Slate issued an order denying "Motion" that same day. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov). The petitioner did not provide the court with a copy of that §974.06 motion, so the court does not know what arguments he raised in the motion. He provided Judge Slate's order, a single, short paragraph stating that the court denied the motion "because the enacting clause appears on each act of the State of Wisconsin" and because "there is no requirement that the updated compilation of laws printed as the Wisconsin statutes pursuant to Wis. Stat. §35.18, contain enacting clauses." Dkt. No. 2-1 at 7.

The public docket indicates that the petitioner appealed Judge Slate's order on July 21, 2016. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov). Again, the petitioner did not provide the court with his brief, so the court does not know what arguments he made on appeal. He *did* provide the court with the appellate court's decision summarily affirming Judge Slate's order of dismissal. Dkt. No. 2-1 at 8-9. The appellate court order reads as follows:

> [The petitioner] appeals his 2003 plea of guilty to three counts of burglary, arguing that as the burglary statute does not begin with an enactment clause as required by article IV, section 17 of the Wisconsin Constitution his conviction and sentence should be vacated. Based upon our review of the briefs and record, we conclude at conference that this case is appropriate for summary disposition. *See* WIS. STAT. RULE 809.21 (2015-16). The issue posed by [the petitioner] has already been answered in **State v. Weidman**, 2007 WI App 258, 306 Wis. 2d 723, 743 N.W.2d 854; a statute does not require an enacting clause. **Id.**, ¶6. As **Weidman** clearly answers

4

> [the petitioner's] claim, we summarily affirm the circuit court's denial of [the petitioner's] WIS. STAT. § 974.06 motion seeking to have his conviction and sentence vacated. *See* **Cook v. Cook**, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1977) ("[T]he court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals.")

Id.[2] The petitioner sought review in the Wisconsin Supreme Court; that court summarily denied review in an order dated July 11, 2017. Id. at 12.

### D. Federal *Habeas* Petition (Dkt. No. 1)

The federal *habeas* petition asserts that the state of Wisconsin "has no constitutional or jurisdiction grounds to hear [the petitioner's] case using the Wisconsin State Statutes." Dkt. No. 1 at 2-3. The petitioner asserts that the Wisconsin state statutes are "in conflict with the Wisconsin Constitution and the State Supreme Court[.]" Id. at 3. His four-page memorandum in support of the petition contends that the Wisconsin circuit courts did not have jurisdiction to preside over his case because the Wisconsin statutes "were not properly enacted pursuant to the Wisconsin State Constitution." Dkt. No. 2 at 2. The petitioner argues that Article IV, Section Seventeen of the Wisconsin Constitution mandates that "the style of all laws of the State shall be 'the people of the State of Wisconsin, represented in the Senate and Assembly, do enact as follows . . . ." Id. at 2-3. According to the petitioner, this section of the Wisconsin Constitution "enacts only the 'Legislative Acts' and the 'Laws of Wisconsin.'" Id. He says this section did *not* enact the Wisconsin State Statutes

---

[2] It appears from the public docket that the court of appeals issued its decision on May 4, 2017. State v. Petroski, Green Lake County Case No. 02CF000166 (https://wcca.wicourts.gov).

5

which he describes as "separate compilations of laws printed." Id. He asserts that if Wisconsin courts are going to use the Wisconsin State Statutes "as laws," those statutes need to contain the "enacting clause" from Article IV, §17 to be laws of the state. Id.

The petitioner maintains that because the Wisconsin State Statutes are not law (because they contain no enacting clause), the circuit court had no jurisdiction to apply the laws to convict or sentence him. Id. at 4. He concludes that the court's conviction and sentences violated due process, because they deprived him of his liberty under the Fifth and Fourteenth Amendments of the United States Constitution. Id. For these reasons, the petitioner asserts that he is unlawfully incarcerated. Id. at 2.

  E. Judge Duffin's Report and Recommendation (Dkt. No. 6)

Judge Duffin's report recommended that this court dismiss the *habeas* petition without prejudice. Dkt. No. 6. After reviewing the petition, Judge Duffin commented that while the petition "references an attached memorandum of law, [] no memorandum of law is attached." Id. at 1. He next noted that a petitioner must exhaust his remedies in state court before filing a federal *habeas* petition. Id. at 2-3. Judge Duffin stated that

> [t]he decision by the Wisconsin Court of Appeals refers only to [the petitioner's] claim that the burglary statute [the petitioner] was convicted under violates the Wisconsin Constitution because it does not begin with an enactment clause. *See* Wis. Appeal No. 2016AP001455. If [the petitioner] intended to allege in a separate memorandum a ground for habeas relief based on the United States Constitution, the claim is unexhausted.

6

Id. at 3. He recommended that the court dismiss the petition without prejudice. Id.

F. Petitioner's Objection (Dkt. No. 8)

On November 1, 2017, the clerk of court received a letter from the petitioner. Dkt. No. 7. It stated that while the petitioner had received electronic notice that Judge Duffin had recommended dismissing his petition, the petitioner had not yet received anything in the mail. Id. He wrote that he wanted to let the court know "before [his] time deadline runs out" that he planned to appeal the ruling. Id. He asked the court to send him "something that lets me know why and on what grounds my case was recommended for dismissal." Id.

Less than a week later, the court received a second letter from the petitioner. Dkt. No. 8. This letter asserted that, contrary to what Judge Duffin had said in his recommendation, the petitioner *had* filed a memorandum of law supporting his *habeas* petition. Id. at 1. The petitioner reiterated one of the arguments he'd made in that memorandum: that in State v. Zimmerman, 187 Wis. 180 (1925), the Wisconsin Supreme Court had held that

> [u]nless a constitutional provision shows upon its face that it was intended to be directory, it must be accepted as the imperative mandate of the sovereign people, and not as good advise which legislators and courts may accept to reject as they please. The safety of the state, and the protection of the liberties and rights of the people, demand that this rule be strictly adhered to.

Id. at 1 (quoting Zimmerman, 204 N.W. 803, 812, which quoted Sjoberg, *et al.* v. Security Savings & Loan Ass'n, 73 Minn. 203, 212 (Minn. 1898)). The petitioner argued that the Wisconsin Supreme Court had not followed its own

7

rule, and argued that he had nowhere else to turn but the federal court. Id. He asked whether he was supposed to have filed something other than a *habeas* petition, and if so, what. Id. The court construes this letter as an objection to the report and recommendation.

The court regrets its delay in addressing the objection to the report and recommendation. In the months since Judge Duffin's recommendation has been pending, the petitioner has sent six letters to the court. His March 2018 letter asked about the status of his case, whether he "should have filed something other than a 2254" motion and whether he should have filed motions in a different court. Dkt. No. 9. His April 2018 letter asked whether the court would adopt Judge Duffin's recommendation, and if not, how long the court would take to decide. Dkt. No. 10. His May 2018 letter informed the court that his mailing address had changed to the Wisconsin Secure Program Facility. Dkt. No. 11. His July 2018 letter asked the court "if there is any reason why it is taking so long for [his] final judgment to be entered" and if there was "anything [he] need[ed] to do or something [he] did wrong." Dkt. No. 12. His April 2019 and August 2020 letters again asked about the status of his case. Dkt. Nos. 13, 14.

The petitioner has done nothing wrong. He has waited patiently for his case to make its way to the top of the court's list. The district has been without a full complement of judges for some time. This shortage has led to an increasingly heavy caseload for this court and an inability to address cases—

8

Case 2:17-cv-01269-PP   Filed 08/19/20   Page 8 of 17   Document 15

like the petitioner's—as quickly as the court would have wished. The court apologizes to the petitioner for its delay.

**II. Analysis**

 A. <u>Standard of Review</u>

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply to *habeas* cases filed under 28 U.S.C. §2254. Under 28 U.S.C. §636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), if a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. <u>Id.</u> The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." <u>Id.</u>

 B. <u>Discussion</u>

Judge Duffin recommended dismissing this case at the Rule 4 screening stage. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

9

The petitioner is correct that he filed a memorandum of law in support of his petition. As noted above, it appears at Dkt. No. 2 and the court received it on the same day the court received the petition itself. The court does not know why Judge Duffin concluded that the "petition references an attached memorandum of law, but no memorandum of law is attached." Dkt. No. 6 at 2. The court will not adopt that portion of Judge Duffin's report and recommendation.

The petitioner argues that the Wisconsin Legislature did not properly enact the Wisconsin State Statutes as required by a provision of the Wisconsin Constitution. Section 17 of Article IV of the Wisconsin Constitution says that "[t]he style of all laws of the state shall be 'The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:.'" The petitioner argues that because this "enacting clause" did not appear in the section of the Wisconsin State Statutes under which he was convicted (or, he argues, in any of the Wisconsin State Statutes), the circuit court erred in exercising jurisdiction over him.

The petitioner alleges an error of state law—that a state court erroneously exercised jurisdiction over him by applying state statutes that he does not believe were enacted in compliance with the state constitution. In the first paragraph of his petition, he says that the Wisconsin Supreme Court's decision in his case "is in direct conflict with a previous Wisconsin Supreme Court case regarding constitutional provisions." Dkt. No. 1 at 1. He asserts that "[t]he way that the Wisconsin State Statutes were published are in conflict with

10

the Wisconsin Constitution and the Wisconsin Supreme Court." Id. at 3. But "errors of state law in and of themselves are not cognizable on habeas review." Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). "The remedial power of a federal habeas court is limited to violations of the petitioner's *federal* rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." Id. (Emphasis added.)

In the memorandum in support of his petition, the petitioner contends that the Wisconsin State Statutes "are in conflict with the State and Federal Constitutions." Dkt. No. 2 at 4. He asserts that he was "unlawfully restrained of [his] liberty" in violation of the Fifth and Fourteenth Amendment "because the Wisconsin Circuit Court in this case has no jurisdiction over the subject matter." Id. This appears to be the petitioner's attempt to assert a *federal* cause of action.

"Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court." Id. at 513 (citing 28 U.S.C. §2254(b)(1)). To exhaust state remedies, a petitioner "must fairly present to each appropriate state court his constitutional claims before seeking relief in federal court." Id. (citing Baldwin v. Reese, 541 U.S. 17 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Momient-El v. DeTella, 118 F.3d 535, 538 (7th Cir. 1997)).

Judge Duffin recommended dismissal because "[i]f [the petitioner] intended to allege in a separate memorandum a ground for habeas relief based

11

on the United States Constitution, the claim is unexhausted." Dkt. No. 6 at 3. This court can't tell whether the petitioner exhausted his *federal due process* claim in state court. The petitioner did not file with this court his §974.06 petition, his brief before the court of appeals or his petition for review with the Wisconsin Supreme Court. It is possible that in each of those documents, he argued that Judge Slate violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. But without the pleadings the court cannot be sure, so it will not adopt that portion of Judge Duffin's recommendation that recommended dismissal for failure to exhaust

That leaves Judge Duffin's conclusion that the petition does not allege a violation of the United States Constitution or laws. Wis. Stat. §753.03 says that circuit courts have "the general jurisdiction prescribed for them by article VII of the constitution," including "the power to hear and determine, within their respective circuits, all civil *and criminal* actions and proceedings unless exclusive jurisdiction is given to some other court . . . ." (Emphasis added.) Article VII, §8 of the Wisconsin constitution says that "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil *and criminal* within this state . . . ." (Emphasis added.) In <u>State v. Weidman</u>, 306 Wis. 2d at 725, the Wisconsin Court of Appeals explained that

> [i]n *State v. Olexa,* 136 Wis.2d 475, 479 . . . (Ct.App.1987), this court made clear that a court has subject matter jurisdiction if it has the power to hear the kind of action brought. Circuit courts in Wisconsin are courts of general jurisdiction and have original subject matter jurisdiction over civil and criminal matters not excepted in the constitution or prohibited by law. *Id.* Weidman was charged with violating WIS. STAT. § 961.41(1m)(cm)4 (2005-06).

12

The same is true for the petitioner—the Green Lake County Circuit Court had jurisdiction over his criminal case, because under the Wisconsin constitution and laws it has jurisdiction over state criminal cases.

The petitioner argues, as did the defendant in <u>Weidman</u>, that because the statute he was convicted of violating did not contain an enactment clause, the law was not valid. Even if he was right—and he isn't—the fact that the Green Lake County circuit court convicted him under an invalid statute would not deprive that court of its statutory and constitutional jurisdiction over his criminal case. The solution would have been for the petitioner to challenge the *statute* as unconstitutional, not the court's jurisdiction to enforce it. His federal constitutional argument, such as it is, is based solely on his allegation that the circuit court did not have jurisdiction over his criminal prosecution. That simply is not true.

Nor does the petitioner's argument that the Wisconsin State Statutes are invalid for lack of an enabling clause have merit. The <u>Wiedman</u> court decided that issue almost thirteen years ago:

> Weidman does cite to WIS. CONST. art. IV, § 17(1), which provides that "[t]he style of all laws of the state shall be 'The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:'." From that, Weidman extrapolates that "Wisconsin Statutes are not the official laws of Wisconsin." Crucially, however, Weidman's argument fails to distinguish between laws and statutes. The Laws of Wisconsin are governed by WIS. STAT. § 35.15, whereas the Wisconsin Statutes are governed by WIS STAT. § 35.18. Further, as the Preface to the Wisconsin Statutes and Annotations sets forth at page iii, "[a]ccording to Legislative Joint Rule 53(1), when an act, or part of an act, creates a statute section number, that action indicates a legislative intent to make the section a part of the Wisconsin Statutes." Hence, because the legislature can intend that

13

> only a part of an act creates a statute, we are unconvinced that each
> statute must contain all the constituent parts of an act, namely, the
> enabling clause.

Id. at 725-26.

The petitioner appears to now ask this federal court to overturn a decision of a Wisconsin appellate court interpreting its own state law and constitution. But the United States Supreme Court has held that "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams v. Taylor, 529 U.S. 362, 389 (2000). The petitioner has not articulated any way in which the Weidman decision violates a federal constitutional right—he has not acknowledged or mentioned the Weidman decision. He has not articulated any way in which the circuit court's application of the Wisconsin State Statutes violates a *federal* constitutional right. Judge Duffin is correct that the petitioner has not stated a claim cognizable by a federal *habeas* court.

The petitioner asserts that in dismissing his petition for review the Wisconsin Supreme Court violated its own holding from ninety-five years ago in State *ex rel.* Kern v. Zimmerman, 187 Wis. 180 (Wis. 1925), and he asks, "Now if the Wisconsin Supreme Court doesn't follow their own rulings then who do I turn to if not you the District Court?" Dkt. No. 8 at 1. The petitioner asks, in his objection, "If I'm not suppose[d] to file something with you then with whom and what?" Id. He asks, "If you can think of any other information I could use could you please send it." Id. at 2. He asserts that he had written this court's

14

clerk's office and "asked them what [his] next step was," and that the clerk's office sent him "the 2254 packet, even though [he] specifically told them [he] filed a 974.06 motion claiming the Wisconsin State Statutes were not properly enacted using the enacting clause per Wisconsin state constitution, and that [he] was taking it all the way to the Wisconsin Supreme Court." Id. at 1. He says he "asked them twice to make sure," and that he "wasted a stamp because they still sent [him] the 2254 packet." Id. The petitioner again asked for legal advice in one of his subsequent letters to the court. Dkt. No. 9.

The court does not know when the petitioner wrote to the clerk's office explaining what he was planning to do, or when he received the §2254 packet (which it appears he chose not to use). But the clerk's office cannot give litigants legal advice. This court cannot give litigants legal advice; the court's job is to rule on the issues before it in an impartial manner. The fact that the clerk's office sent the petitioner a §2254 packet did not require him to file a §2254 petition; likely the clerk's office did the best it could to figure out what the petitioner was requesting. It is the litigant's responsibility—even a litigant representing himself—to figure out what to file and where to file it.

Finally, the court suspects that even if the petitioner had asserted a claim for relief under the *federal* Constitution or laws, and even if he had exhausted that claim in state court before filing a federal *habeas* petition, the petition would have been untimely. Under 28 U.S.C. §2244(d)(1), a petitioner has one year in which to file an application for a writ of *habeas corpus*. Section 2244(d)(1)(A) states that the one-year period begins to run on "the date on

15

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The petitioner filed this federal *habeas* petition thirteen years after the Wisconsin Court of Appeals affirmed his conviction in Green Lake County Circuit Court.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner has not stated a ground for *habeas* relief under 28 U.S.C §2254.

### IV. Conclusion

The court **SUSTAINS IN PART** the petitioner's objections, to the extent that it agrees that he filed a memorandum in support of his petition and **OVERRULES IN PART** the objections, to the extent that the petitioner argues that he has stated a claim cognizable by a federal court on *habeas* review. Dkt. No. 8.

16

The court **DECLINES TO ADOPT** Judge Duffin's recommendation that the court dismiss for failure to exhaust and **ADOPTS** Judge Duffin's recommendation that the court dismiss the petition for failure to state a claim cognizable in a federal *habeas* petition. Dkt. No. 6.

The court **DENIES** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 19th day of August, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**